# United States District Court

FOR THE

**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN JOSE

---

FILED
Jul 01 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

CR 21 00267 BLF VKD

DONALD SIAO

DEFENDANT(S).

---

# INDICTMENT

VIOLATIONS:

21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of a Controlled Substance; 18 U.S.C. § 1347 – Health Care Fraud; 18 U.S.C. § 982 and 21 U.S.C. § 853(a) – Criminal Forfeiture Allegations

---

A true bill.

/s/ Foreperson of the Grand Jury
                                         Foreman

Filed in open court this ___1st___ day of July, 2001.

                              Stephen Ybarra
                                         Clerk

Bail, $ No Process
Hon. Joseph C. Spero

1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney

FILED

Jul 01 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 5:21-cr-00267 BLF |
|---|---|
| Plaintiff, | ) VIOLATIONS: |
| v. | ) 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of a Controlled Substance; |
| DONALD SIAO, | ) 18 U.S.C. § 1347 – Health Care Fraud; 18 U.S.C. § 982 and 21 U.S.C. § 853(a) – Criminal Forfeiture Allegations |
| Defendant. | ) |

INDICTMENT

The Grand Jury charges:

BACKGROUND

1. During all times relevant to this indictment, the defendant, DONALD SIAO, was a practicing physician, with an office in San Jose, California, and licensed by the Medical Board of California (the Medical Board) as a physician and surgeon. SIAO's primary practice area is listed as family medicine, and he has been authorized by the Drug Enforcement Administration (DEA) to prescribe Schedule II-V controlled substances.

2. According to a state government database, from in or about May 2016 to in or about May 2017, SIAO prescribed 8,201 prescriptions for controlled substance medications, including quantities of 30 mg Oxycodone tablets, which is the maximum strength available for a prescription of Oxycodone. In certain instances, SIAO issued prescriptions of opioids in quantities that significantly exceeded 90

INDICTMENT                                              1

morphine milligram equivalent ("MME") per day – a generally accepted daily quantity for opioid pain management. Records also showed multiple instances when SIAO simultaneously prescribed one patient a narcotic opioid, a muscle relaxant, and a benzodiazepine simultaneously, which is sometimes referred to as the "Holy Trinity." This combination of narcotics, when taken together, is dangerous for the user and can be deadly.

3. Counts One through Four below allege instances in which SIAO issued prescriptions for potent opioids (Oxycodone and Hydrocodone-Acetaminophen, also known as "Norco") knowing and intending that the distribution of controlled substances facilitated by the prescriptions was outside the scope of professional practice and not for a legitimate medical purpose.

4. In addition to prescribing medically unnecessary controlled substances to patients, SIAO billed Medi-Cal to cover the patients' office visits, and the patients often used Medi-Cal to cover the cost of the medically unnecessary prescriptions. As alleged in Counts Five and Six below, Medi-Cal would not have paid for the office visits or paid out the pharmacy claims had they known the prescriptions were not medically necessary or were overprescribed.

COUNT ONE: (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Hydrocodone Outside the Scope of Professional Practice)

5. The allegations contained in background Paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count One.

On or about February 26, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute hydrocodone, a Schedule II controlled substance, to L.B., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

//
//
//

COUNT TWO: (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Hydrocodone Outside the Scope of Professional Practice)

6. The allegations contained in background Paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Two.

On or about June 18, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute hydrocodone, Schedule II controlled substances, to A.M., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT THREE: (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Hydrocodone Outside the Scope of Professional Practice)

7. The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Three.

On or about April 10, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute hydrocodone, Schedule II controlled substances, to E.T., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT FOUR: (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Oxycodone Outside the Scope of Professional Practice)

8. The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Four.

On or about June 16, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute Oxycodone, Schedule II controlled substances, to D.K., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT FIVE:     (18 U.S.C. § 1347 – Health Care Fraud)

9.   The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Five.

On or about May 9, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), namely, Medi-Cal, all in connection with the delivery of and payment for health care benefits, items, and services, and did for the purpose of executing and attempting to execute said fraudulent scheme, knowingly and willfully submit and cause to be submitted to Medi-Cal, and to be paid by Medi-Cal, a false and fraudulent claim relating to patient E.H., in violation of Title 18, United States Code, Section 1347.

COUNT SIX: (18 U.S.C. § 1347 – Health Care Fraud)

10.   The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Six.

On or about May 9, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), namely, Medi-Cal, all in connection with the delivery of and payment for health care benefits, items, and services, and did for the purpose of executing and attempting to execute said fraudulent scheme, knowingly and willfully submit and cause to be submitted to Medi-Cal, and to be paid by Medi-Cal, a

false and fraudulent claim relating to patient E.H., in violation of Title 18, United States Code, Section 1347.

<u>FORFEITURE ALLEGATIONS</u>:   (18 U.S.C. §§ 981(a)(1)(C), 982(a)(7); 21 U.S.C. § 853; and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

11.   The factual allegations contained in background Paragraphs 1 through 4 and Counts One through Four of this Indictment are hereby re-alleged and fully incorporated as if set forth here, for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

12.   Upon conviction for any of the offenses alleged in Counts One through Four, the defendant,

DONALD SIAO,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds that defendant obtained, directly or indirectly, as the result of such violations, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not limited to his license to practice as a physician in California (License No. G 73395).

13.   Upon a conviction of any of the offenses alleged in Counts Five and Six, the defendant,

DONALD SIAO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), and Title 28, United States Code, Section 2461(c), all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to a sum of money equal to the gross proceeds obtained as a result of the offense.

If any of the property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All in violation of Title 18, United States Code, Sections 982(a)(7) and 982(a)(7); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: July 1, 2021                                         A TRUE BILL.

                                                                         /s/
                                                            ―――――――――――――
                                                                   FOREPERSON

STEPHANIE M. HINDS
Acting United States Attorney

   /s/ Ross Weingarten
―――――――――――――
ROSS WEINGARTEN
Assistant United States Attorney

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───

21 U.S.C. 841(a)(1) & 841(b)(1)(C) (dispensing and distributing a Schedule II controlled substance without a legitimate medical purpose) (Counts One - Four)

18 U.S.C. 1347 (health care fraud) (Counts Five and Six)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment A

CR 21

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

─── DEFENDANT - U.S ───
▶ Donald Siao

DISTRICT COURT NUMBER
5:21-cr-00267-BLF

00267 BLF   VKD

FILED
Jul 01 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)
DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.
CR 21-70412 MAG

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   Stephanie M. Hinds
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Ross Weingarten

─── DEFENDANT ───

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
NDCA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

**Penalty Sheet - Attachment A**
*United States v. Donald Siao*

Counts 1 - 4        21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) – Distribution of Schedule II Controlled Substances

Counts 5 and 6      18 U.S.C. § 1347 – Health Care Fraud

Counts 1 - 4: Maximum 20 Years Imprisonment; Maximum Fine of $1,000,000 or twice the gain or loss; Minimum Supervised Release of 3 Years; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Forfeiture; Mandatory and Discretionary Denial of Federal Benefits.

Counts 5 and 6: Maximum 10 Years Imprisonment; Maximum Fine of $250,000 or twice the gain or loss; Maximum Supervised Release of 3 Years; Mandatory $100 Special Assessment; Potential Deportation; Forfeiture; Restitution.