# United States District Court

## FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN JOSE

**FILED**

Aug 23 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

DONALD SIAO

## CR 21-00267-BLF

DEFENDANT(S).

## SUPERSEDING INDICTMENT

21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of a Controlled Substance
18 U.S.C. § 982 and 21 U.S.C. § 853(a) – Criminal Forfeiture Allegations

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this  23rd  day of

August, 2022 .

Clerk

Magistrate Judge Sallie Kim

Bail, $ No Process

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

FILED

Aug 23 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 21-00267 BLF |
| Plaintiff, | VIOLATIONS: |
| v. | 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution of a Controlled Substance; |
| DONALD SIAO, | 18 U.S.C. § 982 and 21 U.S.C. § 853(a) – Criminal Forfeiture Allegations |
| Defendant. | |

S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

BACKGROUND

1.  During all times relevant to this indictment, the defendant, DONALD SIAO, was a practicing physician, with an office in San Jose, California, and licensed by the Medical Board of California (the Medical Board) as a physician and surgeon. SIAO's primary practice area is listed as family medicine, and he has been authorized by the Drug Enforcement Administration (DEA) to prescribe Schedule II-V controlled substances.

2.  According to a state government database, from in or about May 2016 to in or about May 2017, SIAO prescribed 8,201 prescriptions for controlled substance medications, including quantities of 30 mg Oxycodone tablets, which is the maximum strength available for a prescription of Oxycodone. In certain instances, SIAO issued prescriptions of opioids in quantities that significantly exceeded 90

SUPERSEDING INDICTMENT                    1

morphine milligram equivalent ("MME") per day – a generally accepted daily quantity for opioid pain management.

3. Counts One through Twelve below allege instances in which SIAO issued prescriptions for potent opioids (Oxycodone and Hydrocodone-Acetaminophen, also known as "Norco") knowing and intending that the distribution of controlled substances facilitated by the prescriptions was outside the scope of professional practice and not for a legitimate medical purpose.

COUNT ONE: (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Hydrocodone Outside the Scope of Professional Practice)

4. The allegations contained in background Paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count One.

On or about February 26, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute hydrocodone, a Schedule II controlled substance, to L.B., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT TWO: (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Hydrocodone Outside the Scope of Professional Practice)

5. The allegations contained in background Paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Two.

On or about June 18, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute hydrocodone, a Schedule II controlled substance, to A.M., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT THREE: (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Hydrocodone Outside the Scope of Professional Practice)

6.  The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Three.

On or about April 10, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute hydrocodone, a Schedule II controlled substance, to E.T., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT FOUR:   (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Oxycodone Outside the Scope of Professional Practice)

7.  The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Four.

On or about July 16, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance, to D.K., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT FIVE:   (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Oxycodone Outside the Scope of Professional Practice)

8.  The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Five.

On or about April 9, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance, to

E.J., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT SIX:        (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Oxycodone Outside the Scope of Professional Practice)

9.   The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Six.

On or about October 18, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance, to E.J., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT SEVEN:      (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Oxycodone Outside the Scope of Professional Practice)

10.  The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Seven.

On or about November 6, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance, to E.J., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT EIGHT:      (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Oxycodone Outside the Scope of Professional Practice)

11.  The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Eight.

1  On or about February 13, 2019, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance, to E.J., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT NINE:   (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Hydrocodone Outside the Scope of Professional Practice)

12.  The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Nine.

On or about May 24, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute hydrocodone, a Schedule II controlled substance, to A.J., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT TEN:   (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Hydrocodone Outside the Scope of Professional Practice)

13.  The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Ten.

On or about December 14, 2018, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute hydrocodone, a Schedule II controlled substance, to A.J., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT ELEVEN:   (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Oxycodone Outside the Scope of Professional Practice)

14. The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Eleven.

On or about November 1, 2019, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance, to A.J., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT TWELVE:   (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Oxycodone Outside the Scope of Professional Practice)

15. The allegations contained in background paragraphs 1 through 4 of this Indictment are hereby realleged and incorporated by reference into Count Twelve.

On or about December 3, 2019, in the Northern District of California, the defendant,

DONALD SIAO,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled substances, did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance, to A.J., knowing and intending that the distribution was outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

FORFEITURE ALLEGATIONS:   (18 U.S.C. §§ 981(a)(1)(C), 982(a)(7); 21 U.S.C. § 853; and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

16. The factual allegations contained in background Paragraphs 1 through 4 and Counts One through Twelve of this Indictment are hereby re-alleged and fully incorporated as if set forth here, for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

17. Upon conviction for any of the offenses alleged in Counts One through Twelve, the

defendant,

DONALD SIAO,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds that defendant obtained, directly or indirectly, as the result of such violations, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not limited to his license to practice as a physician in California (License No. G 73395).

If any of the property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All in violation of Title 18, United States Code, Sections 982(a)(7) and 982(a)(7); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: August 23, 2022                                                          A TRUE BILL.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FOREPERSON

STEPHANIE M. HINDS
United States Attorney


   /s/ Dan Karmel
DAN M. KARMEL
AMANI FLOYD
Assistant United States Attorneys

SUPERSEDING INDICTMENT                                       7

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

## OFFENSE CHARGED

21 U.S.C. 841(a)(1) & 841(b)(1)(C) (dispensing and distributing a Schedule II controlled substance without a legitimate medical purpose) (Counts One - Twelve)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Maximum 20 Years Imprisonment; Maximum Fine of $1,000,000 or twice the gain or loss; Minimum Supervised Release of 3 Years; Maximum Supervised Release of Life; Mandatory $100 Special Assessment per Count; Potential Deportation; Forfeiture; Mandatory and Discretionary Denial of Federal Benefits.

### DEFENDANT - U.S

▶ Donald Siao

DISTRICT COURT NUMBER
CR 21-00267 BLF

**FILED**
Aug 23 2022
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.
CR 21-70412 MAG

Name and Office of Person Furnishing Information on this form: Stephanie M. Hinds
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Dan Karmel

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
   NDCA

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction         ☐ Federal   ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments: