# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

USA,

        Plaintiff,

    v.

DONALD SIAO,

        Defendant.

Case No.  21-cr-00267-BLF-1

**JURY INSTRUCTIONS**

Dated: June 20, 2023

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

**Instruction No. 1 Re: Duty of Jury**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

**<u>Instruction No. 2 Re: The Charge—Presumption of Innocence</u>**

This is a criminal case brought by the United States government. The government charges Donald Siao with unlawful distribution of federally controlled substances, specifically Hydrocodone and Oxycodone. The charges against Donald Siao are contained in the Superseding Indictment. The Superseding Indictment simply describes the charges the government brings against Donald Siao. The Superseding Indictment is not evidence and does not prove anything.

Donald Siao has pleaded not guilty to the charges and is presumed innocent unless and until the government proves Donald Siao guilty beyond a reasonable doubt. In addition, Donald Siao has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case. The government has charged Donald Siao with twelve counts of illegal distribution of federally controlled substances. As to each count, the government must prove Donald Siao knowingly or intentionally distributed the controlled substance without authorization.

A medical professional "distributes" a controlled substance by the act of writing a prescription for a controlled substance.

A distribution of a controlled substance is "without authorization" when it is not issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.

2

## Instruction No. 3 Re: What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

      First, the sworn testimony of any witness;

      Second, the exhibits that are received in evidence; and

      Third, any facts to which the parties agree.

### Instruction No. 4 Re: What Is Not Evidence

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## **Instruction No. 5 Re: Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### Instruction No. 6 Re: Ruling on Objections

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## Instruction No. 7 Re: Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

### Instruction No. 8 Re: Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by

inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### Instruction No. 9 Re: No Transcript Available to Jury

At the end of the trial, you will have to make your decision based on what you recall of the evidence.   You will not have a written transcript of the trial.   I urge you to pay close attention to the testimony as it is given.

### Instruction No. 10 Re: Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

### Instruction No. 11 Re: Outline of Trial

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for Donald Siao may cross-examine. Then, if Donald Siao chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## Instruction No. 12 Re: Bench Conferences and Recesses

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

## <u>Instruction No. 16 Re: Transcript of Recording in English</u>

You are about to hear or see a recording that has been received in evidence.  Please listen to it very carefully.  Each of you will be given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you hear is controlling.  After the recording has been played, the transcript will be taken from you.

**<u>Instruction No. 18A Re: Evidence for Limited Purpose</u>**

You are about to hear evidence about the aggregate prescribing patterns of Donald Siao through CURES (Controlled Substance Utilization Review and Evaluation System) data that relates to prescriptions not charged in the Superseding Indictment.

I instruct you that this evidence is admitted only for a limited purpose. You may consider it only for its bearing, if any, on the question of Donald Siao's intent, motive, purpose, plan, preparation, knowledge, absence of mistake, or absence of accident in connection with Counts One through Twelve of the Superseding Indictment. You cannot consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Donald Siao is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that Donald Siao committed the crimes charged. You may not consider this evidence as proof that Donald Siao has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because Donald Siao may have committed the other acts, he must also have committed the acts charged in the Superseding Indictment.

Remember that Donald Siao is on trial here only for Counts One through Twelve of the Superseding Indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

## Instruction No. 18B Re: Evidence for Limited Purpose – Vinh-Hang Ho

You have heard evidence from a pharmacist regarding prescriptions of controlled substances written by Donald Siao that are not charged in the Superseding Indictment.

I instruct you that this evidence is admitted only for a limited purpose. You may consider it only for its bearing, if any, on the question of Donald Siao's intent, motive, purpose, plan, preparation, knowledge, absence of mistake, or absence of accident in connection with Counts One through Twelve of the Superseding Indictment. You cannot consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Donald Siao is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that Donald Siao committed the crimes charged. You may not consider this evidence as proof that Donald Siao has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because Donald Siao may have committed the other acts, he must also have committed the acts charged in the Superseding Indictment.

Remember that Donald Siao is on trial here only for Counts One through Twelve of the Superseding Indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

## Instruction No. 18C Re: Evidence for Limited Purpose – Lauren McNulty

You have heard evidence about the aggregate prescribing patterns of Donald Siao through Medicare data that relates to prescriptions not charged in the Superseding Indictment.

I instruct you that this evidence is admitted only for a limited purpose. You may consider it only for its bearing, if any, on the question of Donald Siao's intent, motive, purpose, plan, preparation, knowledge, absence of mistake, or absence of accident in connection with Counts One through Twelve of the Superseding Indictment. You cannot consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Donald Siao is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that Donald Siao committed the crimes charged. You may not consider this evidence as proof that Donald Siao has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because Donald Siao may have committed the other acts, he must also have committed the acts charged in the Superseding Indictment.

Remember that Donald Siao is on trial here only for Counts One through Twelve of the Superseding Indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

**Instruction No. 18D Re: Evidence for Limited Purpose – Lottie Bloxsom a.k.a.**

**"Lacy Blackwell"**

You have heard [and are about to hear] evidence that Donald Siao wrote prescriptions for controlled substances to Lottie Bloxsom a.k.a. "Lacy Blackwell," other than the February 26, 2018 prescription charged in Count One of the Superseding Indictment.

I instruct you that this evidence is admitted only for a limited purpose. You may consider it only for its bearing, if any, on the question of Donald Siao's intent, motive, purpose, plan, preparation, knowledge, absence of mistake, or absence of accident in connection with Counts One through Twelve of the Superseding Indictment. You cannot consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Donald Siao is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that Donald Siao committed the crimes charged. You may not consider this evidence as proof that Donald Siao has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because Donald Siao may have committed the other acts, he must also have committed the acts charged in the Superseding Indictment.

Remember that Donald Siao is on trial here only for Counts One through Twelve of the Superseding Indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

**Instruction No. 18E Re: Evidence for Limited Purpose – Ross Martin a.k.a. "Allen McKay"**

You are about to hear evidence that Donald Siao wrote prescriptions for controlled substances to Ross Martin a.k.a. "Allen McKay", other than the June 18, 2018 prescription charged in Count Two of the Superseding Indictment.

I instruct you that this evidence is admitted only for a limited purpose. You may consider it only for its bearing, if any, on the question of Donald Siao's intent, motive, purpose, plan, preparation, knowledge, absence of mistake, or absence of accident in connection with Counts One through Twelve of the Superseding Indictment. You cannot consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Donald Siao is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that Donald Siao committed the crimes charged. You may not consider this evidence as proof that Donald Siao has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because Donald Siao may have committed the other acts, he must also have committed the acts charged in the Superseding Indictment.

Remember that Donald Siao is on trial here only for Counts One through Twelve of the Superseding Indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

## Instruction No. 18F Re: Evidence for Limited Purpose – Eric Maher a.k.a. "Eric Thrasher"

You are about to hear evidence that Donald Siao wrote prescriptions for controlled substances to Eric Maher a.k.a. "Eric Thrasher", other than the April 10, 2018 prescription charged in Count Three of the Superseding Indictment.

I instruct you that this evidence is admitted only for a limited purpose. You may consider it only for its bearing, if any, on the question of Donald Siao's intent, motive, purpose, plan, preparation, knowledge, absence of mistake, or absence of accident in connection with Counts One through Twelve of the Superseding Indictment. You cannot consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Donald Siao is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that Donald Siao committed the crimes charged. You may not consider this evidence as proof that Donald Siao has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because Donald Siao may have committed the other acts, he must also have committed the acts charged in the Superseding Indictment.

Remember that Donald Siao is on trial here only for Counts One through Twelve of the Superseding Indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

23

**Instruction No. 18G Re: Evidence for Limited Purpose – Brian McGlinchey a.k.a.**
**"Doug Kiernan"**

You are about to hear evidence that Donald Siao wrote prescriptions for controlled substances to Brian McGlinchey a.k.a. "Doug Kiernan", other than the July 16, 2018 prescription charged in Count Four of the Superseding Indictment.

I instruct you that this evidence is admitted only for a limited purpose. You may consider it only for its bearing, if any, on the question of Donald Siao's intent, motive, purpose, plan, preparation, knowledge, absence of mistake, or absence of accident in connection with Counts One through Twelve of the Superseding Indictment. You cannot consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Donald Siao is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that Donald Siao committed the crimes charged. You may not consider this evidence as proof that Donald Siao has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because Donald Siao may have committed the other acts, he must also have committed the acts charged in the Superseding Indictment.

Remember that Donald Siao is on trial here only for Counts One through Twelve of the Superseding Indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

## Instruction No. 18H Re: Evidence for Limited Purpose – Erika Jimenez

You are about to hear evidence that Donald Siao wrote prescriptions for controlled substances to Erika Jimenez, other than the April 9, 2018, October 18, 2018, November 6, 2018, and February 13, 2019 prescriptions charged in Counts Five through Eight of the Superseding Indictment.

I instruct you that this evidence is admitted only for a limited purpose. You may consider it only for its bearing, if any, on the question of Donald Siao's intent, motive, purpose, plan, preparation, knowledge, absence of mistake, or absence of accident in connection with Counts One through Twelve of the Superseding Indictment. You cannot consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Donald Siao is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that Donald Siao committed the crimes charged. You may not consider this evidence as proof that Donald Siao has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because Donald Siao may have committed the other acts, he must also have committed the acts charged in the Superseding Indictment.

Remember that Donald Siao is on trial here only for Counts One through Twelve of the Superseding Indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

**Instruction No. 18I Re: Evidence for Limited Purpose – Aaron Jimenez**

You are about to hear evidence that Donald Siao wrote prescriptions for controlled substances to Aaron Jimenez, other than the May 24, 2018, December 14, 2018, November 1, 2019, and December 3, 2019 prescriptions charged in Counts Nine through Twelve of the Superseding Indictment.

I instruct you that this evidence is admitted only for a limited purpose. You may consider it only for its bearing, if any, on the question of Donald Siao's intent, motive, purpose, plan, preparation, knowledge, absence of mistake, or absence of accident in connection with Counts One through Twelve of the Superseding Indictment. You cannot consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

Donald Siao is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that Donald Siao committed the crimes charged. You may not consider this evidence as proof that Donald Siao has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because Donald Siao may have committed the other acts, he must also have committed the acts charged in the Superseding Indictment.

Remember that Donald Siao is on trial here only for Counts One through Twelve of the Superseding Indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

## Instruction No. 28 Re: Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

## Instruction No. 29 Re: Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

The Superseding Indictment is not evidence. Donald Siao has pleaded not guilty to the charges. Donald Siao is presumed to be innocent unless and until the government proves Donald Siao guilty beyond a reasonable doubt. In addition, Donald Siao does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

## **Instruction No. 32 Re: Reasonable Doubt—Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that Donald Siao is guilty, it is your duty to find Donald Siao not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Donald Siao is guilty, it is your duty to find Donald Siao guilty.

## **Instruction No. 33 Re: What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

      First, the sworn testimony of any witness;

      Second, the exhibits received in evidence; and

      Third, any facts to which the parties have agreed.

## Instruction No. 34 Re: What Is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Instruction No. 35 Re: Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**<u>Instruction No. 36 Re: Credibility of Witnesses</u>**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

44

## **Instruction No. 23 Re: Opinion Evidence, Expert Witness**

You will hear testimony from experts who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**<u>Instruction No. 14 Re: Stipulations of Fact</u>**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

1

**Instruction No. 17 Re: Other Crimes, Wrongs, or Acts of Defendant**

2

3      You have heard testimony or have seen evidence that Donald Siao prescribed controlled substances

4  to Lottie Bloxsom a.k.a. "Lacy Blackwell", Ross Martin a.k.a. "Allen McKay", Eric Maher a.k.a. "Eric

5  Thrasher", Brian McGlinchey a.k.a. "Doug Kiernan", "E.J. (Erika Jimenez)", and "A.J. (Aaron Jimenez)"

6  that are not charged in the Superseding Indictment.

7      You also have heard testimony about the aggregate prescribing patterns of Donald Siao through

8  CURES (Controlled Substance Utilization Review and Evaluation System) and Medicare data that relates

9  to prescriptions not charged in the Superseding Indictment.

10      You also have heard testimony from a pharmacist regarding prescriptions of controlled substances

11  written by Donald Siao that are not charged in the Superseding Indictment.

12      This evidence of other acts was admitted only for limited purposes.  You may consider this

13  evidence only for its bearing, if any, on the question of Donald Siao's intent, motive, purpose, plan,

14  preparation, knowledge, absence of mistake, or absence of accident in connection with Counts One

15  through Twelve of the Superseding Indictment.

16      Do not consider this evidence for any other purpose.

17      Of course, it is for you to determine whether you believe this evidence and, if you do believe it,

18  whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but

19  only for the limited purpose that I described to you.

20      Donald Siao is not on trial for committing these other acts.  You may not consider the evidence of

21  these other acts as a substitute for proof that Donald Siao committed the crimes charged.  You may not

22  consider this evidence as proof that Donald Siao has a bad character or any propensity to commit crimes.

23  Specifically, you may not use this evidence to conclude that because Donald Siao may have committed

24  the other acts, he must also have committed the acts charged in the Superseding Indictment.

25      Remember that Donald Siao is on trial here only for Counts One through Twelve of the

26  Superseding Indictment, not for these other acts.  Do not return a guilty verdict unless the government

27  proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

28

**Instruction No. 19 Re: Statements by Defendant**

You have heard testimony that Donald Siao made a statement. It is for you to decide (1) whether Donald Siao made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which Donald Siao may have made it.

## Instruction No. 31 Re: Defendant's Decision to Testify

Donald Siao has testified.  You should treat this testimony just as you would the testimony of any other witness.

**Instruction No. 22 Re: Government's Use of Undercover Agents and Informants**

You have heard testimony from undercover agents who were involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

**<u>Instruction No. 25 Re: Charts and Summaries Not Admitted Into Evidence</u>**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## Instruction No. 26 Re: Charts and Summaries Admitted Into Evidence

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

### Instruction No. 37 Re: Activities Not Charged

You are here only to determine whether Donald Siao is guilty or not guilty of the charges in the Superseding Indictment.   Donald Siao is not on trial for any conduct or offense not charged in the Superseding Indictment.

45

**Instruction No. 38 Re: Separate Consideration of Multiple Counts—Single Defendant**

A separate crime is charged against Donald Siao in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

## Instruction No. 39 Re: On or About – Defined

The Superseding Indictment charges that the offenses alleged in Counts One through Twelve were committed "on or about" certain dates.

Although for each count of the Superseding Indictment it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

## Instruction No. 46 Re: Unauthorized Distribution of a Controlled Substance

Donald Siao is charged in Counts One through Twelve of the Superseding Indictment with distribution of Hydrocodone or Oxycodone in violation of Section 841(a)(1) of Title 21 of the United States Code.  Because Donald Siao was a medical professional, authorized by law to distribute controlled substances, in order for Donald Siao to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt as to each count:

First, Donald Siao knowingly or intentionally distributed the controlled substance specified in the count on the date specified;

Second, Donald Siao knew that it was the controlled substance specified in the count or some other federally controlled substance;

Third, Donald Siao knowingly or intentionally acted in an unauthorized manner.  "Unauthorized manner" means that the distribution of the controlled substance was outside of the usual course of professional practice and without a legitimate medical purpose.

A medical professional "distributes" a controlled substance by the act of writing a prescription for a controlled substance.

## Instruction No. 27 Re: Knowingly—Defined

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that Donald Siao knew that his acts or omissions were unlawful.  You may consider evidence of Donald Siao's words, acts, or omissions, along with all the other evidence, in deciding whether Donald Siao acted knowingly.

### Instruction No. 40 Re: Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Instruction No. 41 Re: Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings , and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**Instruction No. 42 Re: Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## **Instruction No. 43 Re: Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against Donald Siao beyond a reasonable doubt.

### Instruction No. 44 Re: Verdict Form

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## Instruction No. 45 Re: Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of Donald Siao, until after you have reached a unanimous verdict or have been discharged.