Daniel B. Olmos (SBN 235319)
Evan C. Greenberg (SBN 271356)
Christopher Wheless (SBN 348492)
NOLAN BARTON OLMOS & LUCIANO, LLP
600 University Avenue
Palo Alto, California  94301
650/326-2980 – Telephone
650/326-9704 – Facsimile
Email: dolmos@nbo.law

Attorneys for Defendant
Donald Siao

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DONALD SIAO,<br><br>　　　　Defendant. | Case No.: 5:21-cr-00267-BLF<br><br>**DEFENDANT'S MOTION FOR A NEW TRIAL (F.R.CRIM.P. 33)** |

　　　　Defendant Donald Siao respectfully moves for an order setting aside the verdicts and granting a new trial on all counts.  This motion is based on the Due Process Clause of the Fifth Amendment, Federal Rule of Criminal Procedure 33, the attached Memorandum of Points and Authorities, the records and filings in this case including the trial exhibits and transcripts, and any argument and evidence presented at any hearing on this motion.

　　　　The grounds for this motion are that the jury instructions omitted an element of the offense.  The charged offenses have two disputed elements: (1) that the distribution of the controlled substances fell outside the standard of care, and (2) that the practitioner acted with criminal intent.  Here, the jury was instructed regarding Dr. Siao's intent (the government had

to prove he "knowingly or intentionally acted in an unauthorized manner") but was not instructed on the other, objective element of the offense -- it was not instructed that the government had to prove the prescriptions in fact were outside the course of professional practice and without a legitimate medical purpose. This error was prejudicialee and requires granting a new trial. *See Neder v. United States*, 527 U.S. 1, 18 (1999); *United States v. Perez*, 962 F.3d 420, 442 (9th Cir. 2020).

Respectfully submitted,

Date: August 11, 2023     NOLAN BARTON OLMOS & LUCIANO, LLP

*/s/ Daniel B. Olmos*
DANIEL B. OLMOS
Attorneys for Defendant Donald Siao

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendant Donald Siao seeks a new trial due to instructional error because the jury was never instructed on a necessary element of the offense. To convict a doctor of distribution of controlled substances under 21 U.S.C. § 841(a)(1), the Ninth Circuit requires that the government prove both objective and subjective elements: (1) objectively, that the distribution of a controlled substance was in fact outside the standard of care, and (2) subjectively, that the doctor intended to distribute the controlled substance outside the standard of care. (This motion uses "the standard of care" as shorthand for "the usual course of professional practice and with a legitimate medical purpose.") The jury in this case was instructed on the latter element but not the former. Dr. Siao contested the missing element and testified that the prescriptions all fell within the standard of care. Where the jury instructions omit an element, the error requires reversal when "there is sufficient evidence that the jury could have found in favor of the defendant if properly instructed." *United States v. Perez*, 962 F.3d 420, 442 (9th Cir. 2020). Here, Dr. Siao's testimony was sufficient for the jury to have found in his favor, so the error was not harmless and requires a new trial.

**STATEMENT OF FACTS**

The Court presided over this trial and is aware of the facts. Thus, the defense presents only a brief summary of the relevant facts here.

The investigation into Dr. Siao began when the California Department of Justice was investigating fraudulent prescriptions of 120 pills of Oxycodone and noticed that Dr. Siao had written a prescription of more than 120 pills. Investigators acquired Dr. Siao's prescription data from government databases and sent four undercover "patients" into Dr. Siao's medical office. Recordings of their appointments were played and admitted into evidence at trial, but in general the undercover patients complained of pain or discomfort and intentionally raised what

3
*United States v. Siao*
Def.'s Mot. for New Trial; Case No. 5:21-cr-00267-BLF

the undercovers believed would be red flags about their prescription use. These red flags included reports of sharing pills, asking for pills by name and dosage, asking to increase the quantity for reasons not related to their medical needs, and asking for additional prescriptions for other medications. During an interview with law enforcement, Dr. Siao said that he knew of the California Medical Board's guidelines for prescribing controlled substances. Dr. Siao issued prescriptions for controlled substances to the undercover patients during each appointment. The government also presented prescription data and patient charts for two genuine patients, Erika and Aaron Jimenez, both of whom died of overdoses before trial.

Dr. Charles Szabo testified as an expert for the government regarding the standard of care when prescribing controlled substances. He reviewed the undercover patients' appointments and the medical charts from Dr. Siao's office and opined that the all the prescriptions at issue in this case were not in the usual course of professional practice and lacked a legitimate medical purpose.

The defense presented witnesses who testified to Dr. Siao's good character, and Dr. Siao testified in general that each prescription he issued was medically appropriate and issued for a legitimate medical purpose. The defense theory, to the extent it existed at trial, focused on Dr. Siao's testimony and the fact that he knew his prescribing habits were creating a paper trail, something he would have avoided if he had criminal intent. The defense also argued that Dr. Siao had no financial motive to issue unauthorized prescriptions.

## ARGUMENT

**I.   A new trial is required because the jury was not instructed on a contested element of the offense, in violation of Dr. Siao's constitutional right to due process.**

**A.   Under Rule 33, the Court may grant a new trial for instructional error.**

"A motion for a new trial under Rule 33 may be granted for failure to give proper jury instructions." *United States v. Chang*, No. 16-cr-0047-EJD; 2020 WL 5702131, *15 (N.D.Cal. 2020). The omission of an element of the offense from the jury instructions violates due

process. *Brown v. Eplett*, 48 F.4th 543, 553 (7th Cir. 2022); *United States v. Gallerani*, 68 F.3d 611, 617 (2d Cir. 1995).

### B. The elements of the offense under Ninth Circuit law and the recent Supreme Court case, *Ruan v. United States*, 142 S.Ct. 2370 (2022).

The elements of 21 U.S.C. § 841(a)(1) for a prosecution against a doctor who is authorized to prescribe controlled substances are: "(1) that the practitioner distributed controlled substances, (2) that the distribution of those controlled substances was outside the usual course of professional practice and without a legitimate medical purpose, and (3) that the practitioner acted with intent to distribute the drugs and with intent to distribute them outside the course of professional practice." *United States v Diaz*, 876 F.3d 1194, 1196 (9th Cir. 2017) (quoting *United States v. Feingold*, 454 F.3d 1001, 1008 (9th Cir. 2006)).  Thus, the government must prove both that (a) the distribution was in fact outside the standard of care (the objective element), and (b) criminal intent (the subjective element).

The Supreme Court's recent case, *Ruan*, leaves the Ninth Circuit's existing law in place.  Since at least 2006, the Ninth Circuit has required the government to prove that the doctor intentionally acted outside the usual course of practice.  *Feingold*, 454 F.3d at 1007-08. That rule is consistent with the Supreme Court's holding in *Ruan* that the government must prove "that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Ruan*, 142 S.Ct. at 2374.  Nothing in *Ruan* disturbs the Ninth Circuit's longstanding rule that, in addition to proving criminal intent, the government must also prove that the distribution was in fact outside the standard of care.

### C. Procedural history regarding the jury instructions in this case.

Before trial, the parties filed joint proposed instructions that included all the necessary elements of the offense as Stipulated Instruction No. 46.  ECF No. 65 at 53.  That stipulated instruction had both key elements at issue here:

5

*United States v. Siao*
Def.'s Mot. for New Trial; Case No. 5:21-cr-00267-BLF

>Third, the distribution of the controlled substance was outside the usual course of professional practice and without a legitimate medical purpose; and
>
>Fourth, the defendant knowingly or intentionally distributed the substance without a legitimate purpose and outside the usual course of his professional practice.

*Id.* (underlining omitted). That instruction accurately and clearly conveyed the two key elements of the offense (there was no dispute about the first two elements, which are that Dr. Siao knowingly distributed the controlled substance and knew that it was a controlled substance).

On June 16, 2023, after both parties rested their cases at trial, the Court held a jury-instruction conference. ECF No. 89 (Minute Order). This conference was off the record and is not reflected in the transcripts.

The final jury instruction deleted the third and fourth elements of Stipulated Instruction No. 46 and replaced them with a single third element. The instruction as read to the jury and provided in writing included three elements:

>First, Donald Siao knowingly or intentionally distributed the controlled substance specified in the count on the date specified;
>
>Second, Donald Siao knew that it was the controlled substance specified in the count or some other federally controlled substance;
>
>Third, Donald Siao knowingly or intentionally acted in an unauthorized manner. "Unauthorized manner" means that the distribution of the controlled substance was outside the usual course of professional practice and without a legitimate medical purpose.
>
>ECF No. 94 at 43 (Instruction No. 46); 6/20/23 RT 20-21.

The transcript does not include any discussion about or objection to this instruction, but it differed from the instruction that both parties requested before trial.

### D. The instruction omitted a contested element of the offense in violation of Dr. Siao's Fifth Amendment right to due process.

Dr. Siao's jury was never instructed that the prosecution had to prove the prescriptions were in fact issued outside the standard of care. That is a necessary element of the offense, *see Diaz*, 876 F.3d at 1196 ("the distribution of those controlled substances was outside the usual course of professional practice and without a legitimate medical purpose"), but Dr. Siao's jury never heard it. This was an instructional error.

The jury must be instructed on every element of the offense, and the failure to instruct on every element is error. *United States v. Alferahin*, 433 F.3d 1148, 1156 (9th Cir. 2006). Trial judges have discretion in formulating the jury instructions, but the instructions must "fairly and adequately cover the issues presented." *United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir. 2000).

Here, the jury instruction at issue omits the element that the prescription was in fact outside the standard of care. It references the standard of care only with respect to the element of criminal intent. ECF No. 94 at 43. The instruction says that the government must prove the criminal intent that Dr. Siao "knowingly or intentionally acted in an unauthorized manner." *Id.* It then defines "unauthorized manner" to mean that the distribution was outside the standard of care. *Id.* But that definition merely tells the jury how to determine whether Dr. Siao intended to act in an unauthorized manner. There is no instruction informing the jurors that the prescriptions must have *in fact been* outside the standard of care. In other words, the objective element was missing.

### E. The instructional error was prejudicial and requires a new trial.

An error in omitting an element of the offense in a jury instruction is prejudicial and requires a new trial unless "it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *United States v. Thongsy*, 577 F.3d 1036, 1043 (9th Cir. 2009) (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)). Courts consider

the jury instructions and trial record as a whole. *United States v. Espino*, 892 F.3d 1048, 1053 (9th Cir. 2018).

Under the Supreme Court's opinion in *Neder*, this omission of a necessary element of the offense was not harmless. *Neder* held that courts should find errors prejudicial when the court cannot conclude beyond a reasonable doubt that the verdict would have been the same absent the error. 527 U.S. at 19. As an example of a *prejudicial* error that courts "should not find . . . harmless," *Neder* described a case "where the defendant contested the omitted element and raised evidence sufficient to support a contrary finding." *Id.* Thus, where a defendant contests an omitted element and raises evidence sufficient to support a different verdict, the error should be found prejudicial under *Neder*. *Id.* The Ninth Circuit's rule is that "failing to instruct on an element of a crime is not harmless if there is sufficient evidence that the jury could have found in favor of the defendant if properly instructed." *United States v. Perez*, 962 F.3d 420, 442 (9th Cir. 2020) (citing *Neder*). Here, Dr. Siao did contest the missing element, and he did raise evidence sufficient to support a different verdict. He contested the missing element throughout trial.

As early as opening statement, defense counsel argued that all the prescriptions were issued within the standard of care. 6/12/23 RT 95:18-24. When crossing the government's expert witness, Dr. Szabo, the defense contested the missing element. Defense counsel asked if another doctor made a decision that was contrary to Dr. Szabo's opinion, if that meant the other doctor was "not rendering appropriate medical treatment or care?" 6/14/23 RT 203. Dr. Szabo answered, "No," and elaborated, "There's no right or wrong answer" and that people can have different opinions. 6/14/23 RT 203-204.

Dr. Siao further contested the missing element during his own testimony. He testified that his prescriptions to the undercover patients and to Erika and Aaron Jimenez were appropriate and within the standard of care. *See, e.g.*, 6/16/23 RT 85-86 (Lacy Blackwell), 88

(Allen McKay), 89 (Eric Thrasher), 90-91 (Doug Kiernan), 92 (Erika Jimenez), 93 (Aaron Jimenez). This testimony on its own was "sufficient evidence that the jury could have found in favor of the defendant if properly instructed," so the error is not harmless. *See Perez*, 962 F.3d at 442.

During closing argument, defense counsel argued that the jury would "not find" that Dr. Siao "practiced medicine outside of the norm or a legitimate medical purpose." 6/20/23 RT 48:20-22. Counsel argued that Dr. Siao used a method of practice, a "formula," that was "in the course of medical practice[.]" 6/20/23 RT 28:22-25. He called each prescription issued to the undercover agents "reasonable" and said Dr. Siao was "appropriate in treating" the four undercover agents. 6/20/23 RT 55:6, 56:16-17. Counsel argued that the government had failed to present sufficient evidence from the undercover agents to prove "that the treatment that was provided by Dr. Siao was not medically appropriate and within the legitimate standards of medical practice." 6/20/23 RT 56:20-25.

The two jury questions about Instruction No. 46 further demonstrate prejudice because they reveal the jurors' focus on issues relating to the standard of care. The jury first asked, "is there further clarification, instruction, or definition of the phrase 'outside the usual course of professional practice and without legitimate medical purpose'?" ECF No. 95-1. After receiving the Court's response that Instruction No. 46 provides the standard under the law for the jury to apply, *id.*, the jury asked another question about the standard of care. The second question was, "Are the doctors required by law to follow the 'California Medical Board Guidelines for Prescribing Controlled Substances for Pain'?" and asked in a parenthetical if doctors would lose their license for failing to follow the guidelines. ECF No. 95-2. The response was that the jury should consider the evidence and evaluate the facts under the instructions already provided. *Id.* But the instructions already provided did not inform the jurors whether or not the government had to prove that the prescriptions in fact fell outside the

standard of care. And the government argued in closing that the California Medical Board Guidelines were the standard of care. 6/20/23 RT 26:4-5; *id.* at 24-26. The jurors' question about whether the law required Dr. Siao to follow the Board's Guidelines suggests debate within the jury room about whether it mattered if Dr. Siao met the standard of care. It did matter, and the government had to prove he deviated from the standard of care, but the jurors never heard that element. The jury questions weigh in favor of a finding of prejudice. *Conwell v. Woodford*, 312 Fed.Appx. 58, 60 (9th Cir. 2009) (not published).

Similarly, the length of deliberations in this case also suggests that the deliberations were close. The jury deliberated for nearly three hours on June 20. ECF No. 93 (2:11 to 5:00 p.m.). The jury deliberated another four-and-a-half hours the next day. ECF No. 95 (9:00 to 12:00 and then 1:00 to 2:30). Nearly 7.5 hours of deliberations is lengthy for a trial of this length. Although trial lasted five court days, only two of those were full days (June 13 and 14). ECF Nos. 85-86. The other three days were abbreviated: introductory instructions and opening statements started right after lunch on June 12 (a half day), the jurors were released for the evening just 10 minutes after lunch on June 16 (another half day), and the last day consisted of about 2.7 hours of instructions and closing arguments before the jury started deliberations. ECF Nos. 84, 89, 93. Lengthy deliberations are a sign of a close case and weigh against a finding of harmlessness. *United States v. Lopez*, 500 F.3d 840, 846 (9th Cir. 2007); *Kennedy v. Lockyer*, 379 F.3d 1041, 1056, n.18 (9th Cir. 2004); *Dyas v. Poole*, 317 F.3d 934, 937 (9th Cir. 2003).

In sum, the error was prejudicial under Supreme Court and Ninth Circuit authority. Under *Neder*, it was not harmless because "the defendant contested the omitted element and raised evidence sufficient to support a contrary finding." *Neder*, 527 U.S. at 19. Under *Perez*, it was not harmless because there "is sufficient evidence that the jury could have found in favor of the defendant if properly instructed." *Perez*, 962 F.3d at 442.

**F.      Even if the error is reviewed for plain error, a new trial is required.**

Again, the instruction conference was off the record so there is no record of why the parties' joint proposed Instruction No. 46 was not given. The transcripts do not reflect any objection to the revised Instruction No. 46, and if the Court finds that the lack of objection leads to review for plain error, a new trial is required under that standard. *See United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020) (plain error applies in court of appeals if defendant failed to object).

Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Williams*, 5 F.4th 973, 978 (9th Cir. 2021). If those three conditions are met, courts exercise discretion and grant relief when the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* All conditions exist here and warrant a new trial.

First and second, the instructional error was plain. "Plain" is synonymous with clear or obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993). The Ninth Circuit has long required jury instructions on both the objective and subjective elements, *i.e.*, that the doctor's distribution was objectively outside the standard of care and that the doctor subjectively intended that it be so. *Feingold*, 454 F.3d at 1008. Because the legal rule was settled at the time of trial, deviating from it is plain error. *Henderson v. United States*, 568 U.S. 266, 273 (2013).

Third, the error affects substantial rights, which means that it was prejudicial. *See Olano*, 507 U.S. at 734 (in most cases, affects substantial rights "means that the error must have been prejudicial"). It was prejudicial for the reasons already given in the preceding section.

Last, the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. This prong of plain-error review is "applied on a case-specific and fact-intensive basis." *Puckett v. United States*, 556 U.S. 129, 142 (2009). Given the lengthy deliberations,

jury questions focused on the standard of care and whether Dr. Siao was required to meet it, and Dr. Siao's testimony that he met the standard of care, there is at least uncertainty about whether the jury would have come to a different conclusion absent the error. "Such uncertainty" satisfies the fourth prong of plain error review. *United States v. Becerra*, 939 F.3d 995, 1006 (9th Cir. 2019). The jury questions here also plausibly suggest that an error-free retrial might end more favorably to the defense. *See Johnson*, 979 F.3d at 637 (defendant need only show a "plausible basis for concluding that an error-free retrial might end more favorably" to meet the fourth prong of plain error where a retrial is permissible). The fourth prong is often invoked to prevent a miscarriage of justice, and this Court should exercise its discretion here. *See id.* at 636-37.

## CONCLUSION

Dr. Siao served his community with a family medical practice for more than 30 years before going to trial in this case. He testified in his defense that the prescriptions he issued were within the standard of care. If the jury agreed, they should have found him not guilty, but the jurors never received an instruction to that effect and the given instructions omitted the element that the distribution of controlled substances actually fell outside the standard of care. Under settled Supreme Court and Ninth Circuit law, the error was not harmless. Dr. Siao respectfully asks the Court to grant this motion and order a new trial.

Respectfully submitted,

Date: August 11, 2023   NOLAN BARTON OLMOS & LUCIANO, LLP

*/s/ Daniel B. Olmos*
DANIEL B. OLMOS
Attorney for Defendant Donald Siao