1
2
3                    UNITED STATES DISTRICT COURT
4                  NORTHERN DISTRICT OF CALIFORNIA
5                          SAN JOSE DIVISION
6

7    UNITED STATES OF AMERICA,              Case No.  21-cr-00267-BLF-1
8                        Plaintiff,
                                            **ORDER ON UNITED STATES' MOTION
9              v.                           TO SUPPLEMENT THE RECORD**
10   DONALD SIAO,                           [Re:  ECF 148]
11                       Defendant.
12
13

14        A jury found Defendant Donald Siao guilty of twelve counts of distributing a controlled

15   substance without authorization in violation of 21 U.S.C. § 841(a)(1).  *See* Verdict Form, ECF 96.

16   The Court denied Siao's motion for a new trial, rejecting his argument that Instruction No. 46

17   failed to incorporate an element of the offense, specifically, the element that he acted in an

18   unauthorized manner.  *See* Order Denying Mot. for New Trial, ECF 117.

19        Siao advances the same argument on appeal, and also suggests that the asserted

20   instructional error was the result of a unilateral decision by this Court to reject the parties'

21   stipulated proposed instruction and instead craft its own flawed instruction.  *See* Appellant's

22   Opening Brief at 37-38, Karmel Decl. Ex. E, ECF 149.  Siao's characterization of the

23   circumstances leading to the revision of the parties' proposed Instruction No. 46 is inaccurate.

24   That revision was the result of a series of discussions about the proper wording of Instruction No.

25   46 that took place over more than a month leading up to trial, during which this Court worked with

26   both counsel to revise the parties' proposed instruction so as to be consistent with the Supreme

27   Court's decision in *Ruan v. United States*, 597 U.S. 450 (2022).  The Court repeatedly invited

28   defense counsel to raise any objection he might have to the revision, but he did not object.

United States District Court
Northern District of California

1

2

3

4

5

6

7

The Government intends to argue in its appellate response brief that Siao waived his objection to Instruction No. 46. The Government filed a motion before this Court on November 7, 2024, requesting to supplement the record with: (1) a Statement of Proceedings reflecting that Instruction No. 46 was the result of a jury instruction conference at which the Court and both counsel agreed to the challenged revision of the instruction; and (2) emails from Government counsel to the Court, copying defense counsel, memorializing the jury instruction conference and the adoption of the revised instruction. *See* Gov't's Mot. to Supplement, ECF 148.

8

9

10

11

12

13

14

Siao filed a response to the Government's motion on November 12, 2024. See Def.'s Response, ECF 150. He takes no position on the Government's request to supplement the record with the emails, nor does he dispute that his trial counsel failed to object to the revised version of Instruction No. 46 ultimately adopted by the Court and read to the jury. Siao opposes the Government's motion only insofar as the Government contends that the defense affirmatively agreed to the revised instruction rather than merely failing to raise an objection. The Government did not file a reply.

15

16

17

18

The Court finds the Government's motion suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). After careful review of the full docket of the case, the emails submitted by the Government, the Court's own notes, and the Court's clear memory of the events leading to the final version of Instruction No. 46, the Court supplements and settles the record as follows.

19

## I.    BACKGROUND

20

21

22

23

24

The record reflects that as early as the January 25, 2022 status conference held in this case, the Court and counsel discussed the potential impact on jury instructions of the then-anticipated ruling in *Ruan*. *See* Status Conference Tr. 2:23-4:8, ECF 141. For reasons unrelated to the timing of the *Ruan* decision, trial was continued from April 2022 to June 9, 2023. The Supreme Court issued *Ruan* before the continued trial date.

25

26

27

28

Prior to the commencement of trial, the parties filed joint proposed jury instructions that included Stipulated Instruction No. 46 Re: Distribution of a Controlled Substance, taken from Ninth Circuit Model Criminal Jury Instruction 12.4. *See* Joint Proposed Jury Instructions at p. 53, ECF 65. The parties' proposed instruction recited four elements of the charged offense:

1    First, the defendant knowingly distributed the controlled substance specified in the count;

2    Second, the defendant knew that it was the controlled substance specified in the count or some other federally controlled substance;

3

4    Third, the distribution of the controlled substance was outside the usual course of professional practice and without a legitimate medical purpose; and

5

6    Fourth, the defendant knowingly or intentionally distributed the substance without a legitimate purpose and outside the usual course of his professional practice.

7    *Id*.

8    At the final pretrial conference held on May 12, 2023, this Court discussed with both

9    counsel the need to modify the parties' proposed Instruction No. 46 to comport with the holding in

10   *Ruan*.  *See* Pretrial Conference Tr. 4:9-5:6, ECF 143.  The Court expressed doubt that the parties'

11   proposed instruction was correct, and it advised counsel to be prepared to discuss the issue at the

12   upcoming jury instruction conference.  *See id*. 6:22-7:5.  When asked if he had any comment,

13   defense counsel responded, "No, your Honor, nothing further except I would appreciate an

14   opportunity to further hone in on the concerns that the Court raises that are appropriate."  *Id*. 7:6-9.

15   The Court advised the parties that they would be required to provide their positions in writing, and

16   it admonished both counsel that silence by either counsel regarding modification of the model jury

17   instruction (which pre-dated *Ruan*) would not be acceptable.  *See id.* 7:10-18.  Defense counsel

18   responded, "Understood."  *See id*. 7:19.  The Court thereafter issued a written order requiring that

19   the parties file briefs regarding the proper jury instruction under *Ruan* by June 5, 2023, in advance

20   of the June 9, 2023 jury instruction conference.  *See* Order Following Pretrial Conference at 2-3,

21   ECF 72.  The Government complied; the defense did not.

22   Jury selection commenced on June 9, 2023.  *See* Minute Entry, ECF 83.  On the same date,

23   the Court held a jury instruction conference off the record with counsel for both parties, at which

24   each jury instruction was addressed in detail.  During that conference, the Court continued the

25   discussion about the need to revise the parties' proposed Instruction No. 46 so as to be consistent

26   with *Ruan*.  After a lengthy colloquy with counsel, the Court proposed a specific revision to

27   Instruction No. 46.  Repeated invitations to defense counsel to object to the revision were met with

28   silence.  Government counsel was tasked with preparing the revised jury instructions developed at

United States District Court
Northern District of California

3

1    the jury instruction conference, including revised Instruction No. 46.

2        Between June 11, 2023 and June 14, 2023, the Government and the Court exchanged a

3    series of emails, copied to defense counsel, finalizing revisions to the verdict form and several jury

4    instructions, including Instruction No. 46.  *See* Karmel Decl. Exs. A-C.  On June 14, 2023,

5    Government counsel emailed the Court clean versions of the revised verdict form and revised jury

6    instructions.  *See* Karmel Decl. Ex. C.  Among other things, the revised version of Instruction No.

7    46 replaced the third and fourth elements of the offense with a single third element:

> First, Donald Siao knowingly or intentionally distributed the controlled substance specified in the count on the date specified;
>
> Second, Donald Siao knew that it was the controlled substance specified in the count or some other federally controlled substance;
>
> Third, Donald Siao knowingly or intentionally acted in an unauthorized manner. "Unauthorized manner" means that the distribution of the controlled substance was outside of the usual course of professional practice and without a legitimate medical purpose.

Karmel Decl. Ex. C.

15        The Court held a second jury instruction conference off the record on June 16, 2023, after

16    the defense rested, during which the Court invited the parties to place any objections to the final

17    jury instructions on the record.  Neither party raised an objection to the revised Instruction No. 46.

18        On June 19, 2023, Government counsel emailed the Court, copying defense counsel,

19    inserting the word "Unauthorized" into the title of Instruction No. 46 but making no further

20    revisions to the text of the instruction.  *See* Karmel Decl. Ex. D.  That was the final version of

21    Instruction No. 46, listing the three elements as set forth above, that the Court ultimately read to

22    the jury on June 20, 2023.  *See* Minute Entry, ECF 93; Jury Instructions, ECF 94.

23        The Government contends that Siao never objected to the final version of Instruction No.

24    46 and in fact agreed to it.  The Government asks the Court to supplement the record with a

25    statement to that effect, and with the emails exchanged between the Court and the parties during

26    the period June 11, 2023 through June 19, 2023.  Siao concedes that he did not object to the final

27    version of Instruction No. 46 when given an opportunity to do so.  However, he contends that

28    there is no objective, documentary proof that defense counsel agreed to Instruction No. 46.

United States District Court
Northern District of California

## II.     LEGAL STANDARD

The Government's motion is governed by Federal Rule of Appellate Procedure 10(e), which provides in relevant part that, "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Fed. R. App. P. 10(e)(1). Rule 10(e) further provides that, "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded[.]" Fed. R. App. P. 10(e)(2). Courts in this district have relied on Rule 10(e) to supplement the record for the purpose of aiding appellate review, noting that "the purpose of Rule 10 is to ensure that the record on appeal *accurately reflects the proceedings in the trial court* (thereby allowing [the appellate court] to review the decision that the trial court made in light of the information that was actually before it), not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment." *In re HIV Antitrust Litig.*, No. 19-CV-02573-EMC, 2024 WL 923551, at *2 (N.D. Cal. Mar. 1, 2024) (quoting *United States v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001))

The Government argues that the Court also has authority to grant its motion under Rules 10(c) and 10(d), neither of which appear to apply here. Rule 10(c) provides that "the appellant" may request that the district court settle the record if the transcript of a hearing or trial is unavailable. Fed. R. App. P. 10(c). The Government is not the appellant. Rule 10(d) provides that the parties may submit for the district court's approval an agreed statement in place of the record on appeal. *See* Fed. R. App. P. 10(d). The parties have not submitted an agreed statement.

The Government also argues that the Court may grant the requested relief pursuant to its power to take judicial notice of adjudicative facts not subject to reasonable dispute. *See* Fed. R. Evid. 201. In the Court's view, a request for judicial notice is not the appropriate vehicle for the Government's motion to supplement the record on appeal. Finally, the Government argues that the Court may grant the requested relief under its inherent authority. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (recognizing that courts have "inherent authority to supplement

United States District Court
Northern District of California

1    the record in extraordinary cases").  While the Court agrees that it could supplement the record in

2    this case under its inherent authority, the Court finds that it need not do so because the

3    Government's motion falls within the scope of Federal Rule of Appellate Procedure 10(e).

4    **III.    DISCUSSION**

5          In his opening brief on appeal, Siao asserts that "[t]he record does not reveal why the

6    district court deviated from the stipulated joint instruction" proffered by the parties.  Appellant's

7    Opening Brief at 37, Karmel Decl. Ex. E.  In that brief, Siao professes to be at a loss as to why this

8    Court did not simply give the parties' stipulated proposed Instruction No. 46, and he appears to

9    suggest that this Court made a unilateral decision to reject the parties' stipulated instruction and

10   instead craft its own flawed instruction.  Siao's position on appeal is materially different from that

11   of the Government, the true facts of the case, and indeed Siao's response to the current motion.

12   The Court finds that a difference has arisen "about whether the record truly discloses what

13   occurred in the district court" within the meaning of Rule 10(e)(1), and that consequently "the

14   difference must be submitted to and settled by [this] court and the record conformed accordingly."

15   The Court also finds that facts material to the Government have been "omitted from or misstated

16   in the record," and that such "omission or misstatement may be corrected and a supplemental

17   record may be certified and forwarded . . . by the district court" pursuant to Rule 10(e)(2).

18         As noted above, the Government moves to supplement the record with:  (1) a Statement of

19   Proceedings reflecting that Instruction No. 46 was the result of a jury instruction conference at

20   which the Court and both counsel agreed to the challenged revised instruction; and (2) emails from

21   Government counsel to the Court, copying defense counsel, memorializing the jury instruction

22   conference and the adoption of the revised instruction.

23         Based on the transcript of the final pretrial conference, the emails submitted by the

24   Government, and the Court's clear recollection of the lengthy discussion with all counsel on the

25   proper wording of Instruction No. 46, the Court will settle the record to reflect that the final

26   version of Instruction No. 46 was hammered out in a jury instruction conference held off the

27   record on June 9, 2023 and through emails exchanged between the Court and counsel for both

28   parties during the period June 11, 2023 through June 19, 2023.  The Court expressly asked both

1  counsel if there were any objections to jury instructions at the conference held on June 9, 2023,

2  and asked again at the conference held on June 16, 2023.  Siao concedes that his counsel did not

3  object on either occasion, nor did defense counsel object during the course of the email exchanges

4  between the Court and counsel during the period June 11, 2023 through June 19, 2023.

5      Siao does dispute the Government's characterization of his silence as an "agreement" to

6  Instruction No. 46, and he asks that the Court deny the Government's request to supplement the

7  record to reflect that the defense *agreed* to the revised instruction.  While the Court finds it

8  appropriate to supplement the record to make clear that the final version of Instruction No. 46 was

9  drafted with the full knowledge and input of both parties and without objection from either party,

10  the Court cannot go so far as to state that the defense affirmatively agreed to the instruction.  The

11  Court can state only that upon several direct inquiries by the Court asking for any objections to the

12  revised Instruction No. 46, defense counsel was silent.  The Government has not cited any

13  authority for the proposition that this Court should go beyond supplementing the record the clarify

14  the events that led to the final version of Instruction No. 46.  Accordingly, the Court will

15  supplement the record with a statement similar to that proposed by the Government, but modified

16  to reflect that Siao's trial counsel did not *object* to the revised Instruction No. 46, and to omit any

17  statement that Siao's counsel affirmatively *agreed* to the revised Instruction No. 46.

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

United States District Court
Northern District of California

United States District Court
Northern District of California

## IV. ORDER

(1)    The following Statement of Proceedings is approved and shall be included by the district court clerk in the record on appeal:

> On June 9, 2023, this Court held a jury instruction conference to discuss jury instructions with counsel for the Government and counsel for Defendant Donald Siao. During the conference, the Court and counsel for both parties discussed revision of the parties' proposed Jury Instruction No. 46 to make the instruction consistent with the Supreme Court's decision in *Ruan v. United States*, 597 U.S. 450 (2022). The Court indicated that it would replace two phrases in the proposed instruction – "Third, the distribution of the controlled substance was outside the usual course of professional practice and without a legitimate medical purpose," and "Fourth, the defendant knowingly or intentionally distributed the substance without a legitimate purpose and outside the usual course of his professional practice" – with the following: "Third, Donald Siao knowingly or intentionally acted in an unauthorized manner. 'Unauthorized manner' means that the distribution of the controlled substance was outside of the usual course of professional practice and without a legitimate medical purpose." The Court expressly asked defense counsel if the defense had any objection to the revision, but defense counsel did not raise any objection. Defendant counsel had additional opportunities to object to the final form of Instruction No. 46 during email exchanges between the Court and counsel for both sides during the period June 11, 2023 through June 19, 2023, and at a second jury instruction conference held on June 16, 2023, but defense counsel did not raise any objection.

(2)    The record on appeal shall be supplemented with the following documents, which are attached to the Declaration of Dan M. Karmel, located on the docket at ECF 149:

> (a)    Email from Amani Floyd to the Court, copying defense counsel, titled "RE: US v. Siao," dated June 11, 2023, at 5:02 p.m., with attachment (Karmel Decl. Exs. A, A-1).

> (b)    Email from Dan Karmel to the Court, copying defense counsel, titled "RE: US v. Siao," dated June 13, 2023, at 2:23 a.m., with attachment (Karmel Decl. Exs. B, B-1).

> (c)    Email from Amani Floyd to the Court, copying defense counsel, titled "RE: US v. Siao," dated June 14, 2023, at 12:34 a.m., with attachments (Karmel Decl. Exs. C, C-1, C-2).

> (d)    Email from Amani Floyd to the Court, copying defense counsel, titled "RE: US v. Siao," dated June 19, 2023, at 1:28 p.m., with attachment (Karmel Decl. Exs. D, D-1).

Dated:  November 26, 2024

_____
BETH LABSON FREEMAN
United States District Judge