UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>DONALD SIAO,<br>　　　　Defendant. | Case No. 5:21-cr-00267-BLF-1<br><br>**ORDER DENYING MOTION TO STAY SURRENDER AND FOR RELEASE PENDING RESOLUTION OF THE FEDERAL HABEAS PETITION**<br><br>[Re: Dkt. No. 159] |

Defendant Donald Siao has been sentenced to a 24-month term of imprisonment for which he has been ordered to surrender on July 10, 2025. On July 2, 2025, Mr. Siao filed a Motion to Stay Surrender and for Release Pending Resolution of the Federal Habeas Petition ("Motion"), requesting that the Court "stay his surrender date or order his release pending a decision in his federal habeas petition challenging the judgment from" his criminal case. Dkt. No. 159 ("Mot."). The United States ("Government") filed a brief in opposition to the motion on July 7, 2025. Dkt. No. 160 ("Opp."). Mr. Siao's surrender date falls prior to the deadline for his reply brief, but the requirement for Mr. Siao to surrender is not stayed by this pending Motion. Accordingly, the Court determines that it was incumbent upon defense counsel to submit a reply sufficiently in advance of the surrender time if Mr. Siao wished to advance any further arguments for consideration. Counsel did not do so.

For the following reasons, the Court DENIES Mr. Siao's motion.

**I.　BACKGROUND**

Mr. Siao was charged by superseding indictment with 12 counts of distributing controlled

substances outside the scope of professional practice in violation of 21 U.S.C. § 841. Following a jury trial at which he was represented by attorney Scott Furstman, Mr. Siao was convicted on all counts. *See* Dkt. No. 130. Mr. Siao then hired new counsel to file a motion for a new trial. *See* Dkt. Nos. 98, 108. The motion for a new trial was denied, Dkt. No. 117, and Mr. Siao was sentenced to a custodial term of 24 months, Dkt. No. 130 at 2. Mr. Siao was granted bond pending appeal. *Id.* After the Ninth Circuit affirmed the judgment and issued the mandate on April 28, 2025, this Court held a status conference on May 27, 2025. *See* Dkt. No. 158. At that conference, the Court ordered Mr. Siao to self-surrender by July 10, 2025. *Id.*

## II.  LEGAL STANDARD

The Ninth Circuit has "not yet decided whether district courts have the authority to grant bail pending resolution of a habeas petition." *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016). "If district courts have that authority, [the Ninth Circuit] ha[s] indicated that it is reserved for 'extraordinary cases involving special circumstances or a high probability of success.'" *Id.* (quoting *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989)).

## III.  DISCUSSION

In his Motion, Mr. Siao argues that he has a high probability of success on claims of ineffective assistance of counsel ("IAC") and discusses three claims of IAC that he plans to assert in an as yet unfiled habeas petition. Mot. at 2. First, he argues that his trial counsel rendered deficient performance by failing to consult an expert witness for the defense. *Id.* at 2–4. Second, he argues that his trial counsel rendered deficient performance by failing to object to the jury instruction defining the elements of the charged offenses. *Id.* at 4. Finally, he argues that his trial counsel rendered deficient performance by "continuing to represent Mr. Siao despite cognitive failures caused by medical issues, and without disclosing those issues to his client or to the Court." *Id.* at 4–5. Mr. Siao asserts that these errors were individually and cumulatively sufficient to meet the prejudice standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Mot. at 5–7. In a brief Opposition, the Government argues that it is unclear whether the Court has the authority to grant bail pending resolution of a habeas petition but that, in any event, the fact that Mr. Siao has not yet filed his habeas petition renders his Motion premature. Opp. at 1.

2

The Court agrees that Mr. Siao's Motion is premature. Although Mr. Siao has provided a sketch of three IAC claims that he intends to bring in a forthcoming habeas petition, that petition currently remains a "contingent future event[] that may not occur as anticipated, or indeed may not occur at all." *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Yet even if the motion *was* ripe for resolution—and assuming that the Court does have the power to grant bail pending resolution of a habeas petition—the Court is not persuaded that Mr. Siao has met the very high standard applicable in that situation. Although the Court does not pre-judge the outcome of a habeas petition that Mr. Siao might bring, none of Mr. Siao's three contemplated IAC claims, as they are presently summarized in his motion, appears to have a "high probability of success." *See McCandless*, 841 F.3d at 822.

To prevail on the IAC claims in his forthcoming habeas petition, Mr. Siao must meet the standard set out in *Strickland*: "First, [he] must show that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense," meaning "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.* at 689, and "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," *id.* at 691 (citing *United States v. Morrison*, 449 U.S. 361, 364–365 (1981)).

Regarding Mr. Siao's first anticipated IAP claim, the Court concludes that Mr. Siao has not demonstrated a high probability of success. Crucially, it appears that the facts in this case are distinguishable from those in the case on which Mr. Siao relies, *Duncan v. Ornoski*, 528 F.3d 1222 (9th Cir. 2008). In *Duncan*, the Ninth Circuit noted that "defense counsel's failure to present expert testimony . . . may constitute deficient performance" where "the prosecutor's expert witness testifies about pivotal evidence or directly contradicts the defense theory." *Id.* at 1235. There, Duncan's counsel failed to consult a serologist regarding crime scene blood samples even though

3

the prosecution put on a serology expert and defense counsel apparently lacked expertise in serology. *Id.* at 1235–36. Then, during a state court post-conviction proceeding, Duncan's defense team arranged to have Duncan's blood tested and obtained a post-judgment expert opinion that was "potentially exonerating," because it demonstrated that the blood samples were the only forensic evidence that provided Duncan with the "opportunity to cast doubt on the State's theory that Duncan was the actual killer." *Id.* at 1230–31, 1235–36. Here, in contrast, Mr. Siao does not identify "potentially exonerating" evidence or a serious misunderstanding on counsel's part regarding the import or subject matter testified to by the prosecution expert. Rather, he suggests that his counsel should have put forward a competing expert to challenge or contradict the prosecution expert's testimony regarding the medical standard of care in California for treating chronic pain. Mot. at 3, 6. But "[j]udicial scrutiny of counsel's performance must be highly deferential," *Strickland*, 466 U.S. at 689, and this may be a case in which Mr. Siao's trial counsel made a strategic decision following an investigation of law and facts that led him to believe that competing testimony from a defense expert would not be helpful. While a finalized petition and more developed record *may* see Defendant prevail on this claim, it is currently far from clear that Defendant would succeed. Nor can the Court ascertain that Mr. Siao has a high probability of success on this IAC claim based on counsel's *expectation* that the newly engaged independent expert might disagree with the prosecution expert and/or may give favorable testimony on Mr. Siao's behalf. Accordingly, Defendant has not made the showing necessary to afford him bail during the pendency of his forthcoming petition based on this first anticipated IAC claim. *See McCandless*, 841 F.3d at 822.

The same is true of both of his other proposed IAC claims. A showing of prejudice under *Strickland* requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Assuming *arguendo* that trial counsel rendered deficient performance through his (1) failure to object to the jury instruction, and (2) continued representation of Mr. Siao despite alleged cognitive failures caused by medical issues, and without disclosing those issues to his client or to the Court, the Court still concludes that there is not "a reasonable probability" that the outcome of Mr. Siao's case would be

4

different but for those errors.

First, the Court is not persuaded that an objection to the jury instruction at trial would have resulted in reversal of Mr. Siao's conviction. "An improper jury instruction does not require reversal if the error is harmless." *United States v. Garcia*, 729 F.3d 1171, 1177 (9th Cir. 2013), *as amended* (Aug. 13, 2013). As this Court already concluded in the Order Denying Defendant's Motion for New Trial, the prosecution presented *overwhelming* evidence of Mr. Siao's guilt at trial. Dkt. No. 117 at 14–24. "[W]here evidence of a defendant's guilt is 'overwhelming,' even significant jury-instruction error can be harmless." *United States v. Perez*, 962 F.3d 420, 442 (9th Cir. 2020) (quoting *United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015)). And although "failing to instruct on an element of a crime is not harmless if there is sufficient evidence that the jury could have found in favor of the defendant if properly instructed," *id.* (citing *Neder v. United States*, 527 U.S. 1, 19 (1999)), the Ninth Circuit has already concluded that the challenged jury instruction "sufficiently conveys the elements of § 841(a)(1) because it requires the jury to find both that Siao knowingly or intentionally acted in an unauthorized manner and that his actions were in fact unauthorized," *United States v. Siao*, No. 24-1486, 2025 WL 1009280, at *1 (9th Cir. Apr. 4, 2025). In other words, Mr. Siao's contention that the instruction "improperly omitted the objective element" of the charged offense, Mot. at 4, is at odds with the Ninth Circuit's apparent conclusion that all elements were present in the instruction. That tension, in combination with the overwhelming evidence presented at trial, leads the Court to conclude that Mr. Siao has not shown a "reasonable probability" that the outcome would be different but for trial counsel's failure to object to the instruction.

Second, Mr. Siao fails to identify any specific basis for his argument that the outcome at trial might have been different if his trial counsel had discontinued representing him or had disclosed the medical issues. In his motion, Mr. Siao argues in a conclusory manner that "there is a reasonable probability of a different outcome but for those issues," elaborating only to say that "trial counsel did not effectively undermine the testimony from the government's lay or expert witnesses." Mot. at 7. As support for this argument, Mr. Siao points to a declaration from attorney Nelson McElmurry, in which Mr. McElmurry expresses surprise that trial counsel had

5

asked for various case authorities multiple times in the months leading up to trial and states that he eventually became aware that trial counsel "had been experiencing significant medical issues in the period leading up to, and during, trial that affected his cognitive abilities." Dkt. No. 159-2, Declaration of Nelson McElmurry ("McElmurry Decl.") ¶¶ 7, 11. But this affidavit from a lay witness is insufficient to show either that trial counsel in fact suffered from cognitive concerns that affected his performance at trial, or that trial counsel's failure to undermine the prosecution's case was due to any such alleged cognitive concerns (rather than, for example, the prosecution's overwhelming evidence).

In sum, even if Mr. Siao's motion is not premature, he has not met the requirement of demonstrating a "high probability of success" that is necessary to secure his release pending resolution of his forthcoming habeas petition. *See McCandless*, 841 F.3d at 822.

As a final note, the Court acknowledges that some authorities suggest "extraordinary circumstances" sufficient to support bail pending habeas review may exist where "the petitioner's sentence would be completed before meaningful collateral review could be had." 1 Brian R. Means, *Federal Habeas Manual* § 8:78 (2025 ed.) (citing *Boyer v. City of Orlando*, 402 F.2d 966, 968 (5th Cir. 1968)). As demonstrated by Mr. Siao's own cited case, however, those situations *also* require a showing of a high likelihood of success on the habeas petition. *See United States v. Lee*, No. 12-cr-00133, 2016 WL 1039046, at *5 (D. Haw. Mar. 15, 2016) ("If this court waits until final resolution of these issues . . . , Defendant will very likely have continued to serve an excessive sentence in the meantime. Combined with the high likelihood of success, a grant of bail . . . is an appropriate equitable remedy in this extraordinary situation."). In any case, Mr. Siao's 24-month sentence is not so extraordinarily short—in *Boyer*, the Defendant had been sentenced to only four months, *see* 402 F.2d at 967—and Mr. Siao has already had two months since the Ninth Circuit issued its mandate to file his habeas petition, *see* Dkt. No. 155. The fact that he has not yet done so does not weigh in favor of a finding of extraordinary circumstances in this case.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Stay Surrender and for Release Pending Resolution of the Federal Habeas Petition (Dkt. No. 159) is

6

DENIED.

**IT IS SO ORDERED.**

Dated: July 9, 2025

_____
BETH LABSON FREEMAN
United States District Judge