**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| USA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SIAO,<br><br>　　　　　　Defendant. | Case No.  21-cr-00267-BLF-1<br><br>**ORDER REQUIRING RESPONSE TO § 2255 MOTION AND SETTING BRIEFING SCHEDULE**<br><br>[Re:  ECF No. 168] |

United States District Court
Northern District of California

Defendant Donald Siao, through counsel, has filed a Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2255.  ECF No. 168 ("Mot.").  After screening the motion, the Court finds it appropriate to order a response and to set a briefing schedule.  The Court's reasoning and the applicable briefing schedule are set forth below.

**I.      BACKGROUND**

On August 23, 2022, the Government charged Mr. Siao by Superseding Indictment with 12 counts of unlawfully distributing a controlled substance under 21 U.S.C. § 841(a)(1), all arising from prescribing controlled substances from his medical practice.  ECF No. 39.  Mr. Siao went to trial and the jury convicted Mr. Siao on all counts.  ECF No. 96.  After the Court denied Mr. Siao's motion for a new trial, ECF No. 117, judgment was entered on March 1, 2024, ECF No. 130.  The Court sentenced Mr. Siao to serve 24 months on each count followed by three years of supervised release on each count, all to be served concurrently.  ECF No. 129.  The Court also imposed a fine of $100,00.  *Id.*

Mr. Siao filed the instant § 2255 motion on May 8, 2026, asserting two claims for ineffective assistance of counsel and one claim for violation of due process arising from the combined effect of multiple errors in the trial.  Mr. Siao contends that trial counsel was ineffective

for failing to consult an expert witness regarding the applicable standard of care during the relevant time period with respect to treating patients with chronic pain. Mot. at 27–34. He also argues that trial counsel was ineffective for failing to object to a jury instruction that omitted the objective element of the offenses for which Mr. Siao was being tried. Mot. at 34–37. Finally, Mr. Siao urges that the cumulative effect of trial counsel's ineffective representation violated due process. Mot. at 37–41. In sum, Mr. Siao contends that he is entitled to a new and fair trial.

## II.    LEGAL STANDARD

A prisoner in federal custody may move to vacate, set aside, or correct his sentence based on a claim that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "The judge who receives the motion must promptly examine it." Rules Governing § 2255 Proceedings, Rule 4(b), 28 U.S.C. foll. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.* However, if the judge does not summarily dismiss the motion, the judge must order the Government to file an answer or other appropriate response. *See id.*

## III.    DISCUSSION

The Court must determine whether Mr. Siao's claims are so devoid of merit that they should be summarily dismissed or, alternatively, whether the Government should be required to file a response. "[A] district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *United States v. Withers*, 638 F.3d 1055, 1062–63 (9th Cir. 2011) (quotation marks and citation omitted). Put another way, "[t]o avoid summary dismissal, a petitioner must allege specific facts which, if true, would entitle him to relief and the petition, files and record of the case cannot conclusively show that he is entitled to no relief." *Blick v. United States*, No. C20-1877-JCC, 2021 WL 693644, at *1 (W.D. Wash. Feb. 23, 2021) (quotation marks and citations omitted).

United States District Court
Northern District of California

The facts alleged by Mr. Siao, if proved, arguably would satisfy the *Strickland* standard for ineffective assistance of counsel, which requires a showing of deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). Mr. Siao first claims that trial counsel failed to consult an expert regarding the applicable standard of care for patients with chronic pain, despite the fact that he apparently lacked any knowledge about the field, misrepresented to Mr. Siao one week before trial that he had in fact hired an expert (and charged him $20,000 for the services of that expert), and proceeded to trial without the assistance or potential testimony of an expert witness regarding the central defense theory at trial. The Court finds that this claim presents a plausible basis for deficient performance under *Strickland*. Moreover, because the standard of care was assertedly central to the trial, and expert testimony may have illuminated this key issue, it is plausible that the result of the trial would have been different but for trial counsel's conduct.

Mr. Siao also contends that trial counsel was ineffective for failing to object to a jury instruction that omitted the objective element of the offenses for which he was being tried. Failure to object to an erroneous jury instruction can indeed constitute deficient performance under *Strickland*. *See, e.g.*, *Ramirez v. Baker*, No. 13-cv-00025-MMD-CBC, 2019 WL 4017239, at *15 (D. Nev. Aug. 26, 2019). Mr. Siao further argues that he was prejudiced by trial counsel's failure to object, including because the jury asked questions about the objective element of the offense during deliberations. Finally, Mr. Siao contends that the cumulative effect of trial counsel's ineffective representation violated due process. *See Payton v. Cullen*, 658 F.3d 890, 896–97 (9th Cir. 2011). For screening purposes, Mr. Siao's allegations must be taken as true unless they are "palpably incredible or patently frivolous." *United States v. Leonti*, 326 F.3d 1111, 1114 (9th Cir. 2003). Mr. Siao's allegations do not appear to be incredible or frivolous. Accordingly, the Court will direct the Government to respond to the § 2255 motion.

United States District Court
Northern District of California

**IV.   ORDER**

(1)   Within 60 days after the date of this order, the Government shall file either an answer or a motion to dismiss.

(2)   If the Government files an answer, it shall conform to Rule 5 of the Rules Governing Section 2255 Cases.  Mr. Siao may file a reply within 30 days after the answer is filed.

(3)   If the Government files a motion to dismiss, Mr. Siao may file an opposition within 30 days after the motion is filed, and the Government may file a reply within 15 days after the opposition is filed.

Dated:  May 11, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California