**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

USA,

          Plaintiff,

     v.

SIAO,

          Defendant.

Case No.  21-cr-00267-BLF-1

**ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO PERMIT DISCOVERY, FOR A FINDING OF WAIVER OF ATTORNEY-CLIENT PRIVILEGE, AND TO STAY BRIEFING**

[Re:  ECF No. 171]

Before the Court is the Government's motion to permit discovery, for a finding of waiver of attorney-client privilege, and to stay briefing.  ECF No. 171 ("Mot.").  Petitioner Donald Siao has submitted a response.  ECF No. 173 ("Response").

The Government asks the Court to find that Mr. Siao has waived the attorney-client privilege by including claims for ineffective assistance of trial counsel ("IAC") in his pending 28 U.S.C. § 2255 motion.  The Government also asks the Court to permit the Government to inquire into communications relating to Mr. Siao's claims for purposes of responding to the motion.  Mr. Siao contends that the Government's assertion of waiver is overly broad and must be more limited than the Government suggests.  The Government's motion is GRANTED IN PART AND DENIED IN PART as set forth below.

## I.   DISCUSSION

### A.   Waiver

With respect to the issue of waiver, there is no dispute that Mr. Siao's IAC claims effect a limited waiver of the attorney-client and work product privileges.  Mr. Siao was convicted of 12 counts of unlawfully distributing a controlled substance under 21 U.S.C. § 841(a)(1), all arising

from prescribing controlled substances from his medical practice.  ECF No. 96.  In his § 2255 motion, Mr. Siao contends that his trial counsel, Attorney Scott Furstman, was ineffective for failing to consult an expert witness regarding the applicable standard of care during the relevant time period with respect to treating patients with chronic pain.  ECF No. 168 at 27–34.  He also argues that trial counsel was ineffective for failing to object to a jury instruction that omitted the objective element of the offenses for which Mr. Siao was being tried.  *Id.* at 34–37.  The Court has ordered the Government to respond to the § 2255 motion by July 10, 2026.  *See* ECF No. 169.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003).  This waiver "applies equally to the work product privilege." *Id*. at 722 n.6.  Accordingly, the Court finds that Mr. Siao's assertion of IAC waives the attorney-client and work-product privileges in this case.

### B.    Scope of Waiver

The Government seeks a waiver "on the issues the defendant raises in the [§ 2255] motion."  Mot. at 1.  Mr. Siao contends that the waiver should also be limited in scope solely for purposes of litigating the claims in the § 2255 motion.  Response at 1–2.

In this context, the "waiver is narrow and does not extend beyond the adjudication of the ineffectiveness claim in the federal habeas proceeding." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012).  This is because the Ninth Circuit "can conceive of no federal interest in enlarging the scope of the waiver beyond what is needed to litigate the claim of ineffective assistance of counsel in federal court." *Bittaker*, 331 F.3d at 722.  Thus, when a district court determines that a petitioner's assertion of IAC claims effects a waiver of the attorney-client and work-product privileges, "it must enter appropriate orders clearly delineating the contours of the limited waiver before the commencement of discovery, and strictly police those limits thereafter." *Id*. at 728.  The district court has "a duty to enter a protective order prior to ordering the disclosure of privileged materials," and it is an abuse of discretion to order disclosure without entering a protective order. *Lambright*, 698 F.3d at 818.

Applying these standards, the Court narrowly construes Mr. Siao's waiver of the attorney-client and work product privileges to permit the Government to take discovery from trial counsel only as necessary to respond to the IAC claims asserted by Mr. Siao in his § 2255 motion. Moreover, the Government may not use such discovery for any purpose other than litigating Mr. Siao's § 2255 motion and may not disclose such discovery to other persons or agencies beyond those assisting in litigation of the § 2255 motion. Further, before filing any privileged information on the public docket, the Government must first file it conditionally under seal so that Mr. Siao may review the redactions and object if he believes that any of the material to be filed publicly falls outside the scope of the waiver.

**C.    Discovery**

The Court's finding of waiver does not automatically entitle the Government to take discovery from trial counsel, as leave of court is required to take any discovery in a § 2255 proceeding. *See* Rules Governing § 2255 Proceedings, Rule 6(a). Rule 6 of the Rules Governing § 2255 Proceedings provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." *Id*. "A party requesting discovery must provide reasons for the request," and such request must "include any proposed interrogatories and requests for admission, and must specify any requested documents." *Id*. Rule 6(b).

Here, the Court finds that good cause exists to permit the Government to take discovery from trial counsel, as the Government needs such discovery to respond to the IAC claims asserted in Mr. Siao's § 2255 motion. However, the Government has not submitted proposed interrogatories, requests for admission, or requests for documents. Instead, the Government asks "to inquire of Attorney Scott Furstman regarding any communications with the defendant and to review any written communications with the defendant relating to the subject areas raised in the defendant's claims." ECF No. 171-1 ("Proposed Order") at 2.

While the Court finds good cause to allow the Government to take discovery from Mr. Furstman, the Court must deny the Government's current discovery request as overly broad and vague. This ruling is without prejudice to a motion for discovery that complies in all respects

with Rule 6 of the Rules Governing § 2255 Proceedings.

## II.    ORDER

For the foregoing reasons, the Government's motion is GRANTED IN PART AND DENIED IN PART, as follows:

(1) The Government's motion for a finding of waiver is GRANTED.  Mr. Siao's assertion of IAC claims in his § 2255 motion has effected a narrow waiver of the attorney-client and work product privileges to the extent necessary for the Government to litigate the IAC claims asserted by Mr. Siao in his § 2255 motion.

(2) The Government may not use such discovery for any purpose other than litigating Mr. Siao's § 2255 motion and may not disclose such discovery to other persons or agencies beyond those assisting in litigation of the § 2255 motion.  Before filing any privileged information on the public docket, the Government must first file it conditionally under seal so that Mr. Siao may review the redactions and object if he believes that any of the material to be filed publicly falls outside the scope of the waiver.

(3) The Government's request to permit discovery is DENIED as overly broad, vague, and non-compliant with Rule 6 of the Rules Governing § 2255 Proceedings.  This ruling is without prejudice to a motion for discovery that complies in all respects with Rule 6 of the Rules Governing § 2255 Proceedings.

(4) The Government's request for a stay pending Mr. Siao's response to the instant motion is MOOT.

(5) The Government's request for the Court to set a briefing schedule for the Government to file a substantive response to the § 2255 motion is also unnecessary, as the Court has already set a briefing schedule.

Dated:  June 12, 2026

_____
BETH LABSON FREEMAN
United States District Judge